# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARTIN HESS,**
**Claimant Below, Petitioner**

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-108**        (JCN: 2022022457)

**GILMER COUNTY PUBLIC SERVICE DISTRICT,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Martin Hess appeals the February 17, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Gilmer County Public Service District ("GCPSD") filed a timely response.[1] Mr. Hess filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order which denied Mr. Hess' request to add lumbar disc herniation and lumbar spinal stenosis as compensable components of the claim and denied authorization for a CT nerve root block at L4.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hess suffered a workplace injury to his lower back on May 7, 2022, while employed by GCPSD, when he slipped off of a concrete pad and fell, twisting his body in the process. Mr. Hess was seen in the emergency department of Braxton County Memorial Hospital; he reported lower back pain and pain radiating down his right leg. It was noted that Mr. Hess suffered a back injury 50+ years previously, but he had no other intervening issues. Mr. Hess underwent a CT scan which revealed degenerative changes throughout his lumbar spine. The CT report also noted a possibility of disc herniation and post-traumatic spinal stenosis, and indicated that an MRI would be necessary to diagnose those conditions. GCPSD's report of injury was created on the date of injury, and noted that Mr. Hess had "swelling, was barely able to walk, and described this as a disc and lumbar" injury.

---

[1] Mr. Hess is represented by Christopher J. Wallace, Esq. GCPSD is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

On May 16, 2022, the claim administrator issued an order holding the claim compensable for injury to lower back/lumbar. On May 18, 2022, Mr. Hess was seen by Russell Biundo, M.D., and Jonathan Adams, FNP-C. Mr. Hess reported lower back pain that radiated down his right leg, and he rated his pain at 7/10. Dr. Biundo diagnosed Mr. Hess with a herniated lumbar disc. Dr. Biundo requested authorization for a CT nerve root block at L5 and S1-S2, which the claim administrator authorized in an order dated May 24, 2022.

Rebecca Thaxton, M.D., performed a review of Mr. Hess' medical records on May 31, 2022. Dr. Thaxton opined that it was too soon to add herniated nucleus pulposus as a compensable condition without further testing. On June 3, 2022, Mr. Adams submitted a request to add degenerative disc disease to the claim as a compensable condition. Dr. Biundo ordered a lumbar MRI, which Mr. Hess underwent on June 22, 2022, that revealed degenerative changes and spinal stenosis in the lumbar spine, but did not show disc herniation. Dr. Biundo recommended another CT nerve root block, this time at L4. Mr. Hess' physical therapy records dated July 21, 2022, indicate that he had no further complaints of pain and he was ready to return to work.

On August 18, 2022, Mr. Hess was examined by Joseph Grady II, M.D. Dr. Grady noted that Mr. Hess had minimal lower back tenderness. Dr. Grady opined that Mr. Hess suffered from a lumbar sprain superimposed upon preexisting multilevel degenerative spondylosis and that there was no current lumbar radiculopathy. Dr. Grady further opined that Mr. Hess required no further care for his compensable injury.

On September 15, 2022, Dr. Thaxton performed a second review of Mr. Hess' medical records to determine whether lumber disc herniation, lumbar spinal stenosis, and degenerative disc disease should be added as compensable components of the claim. Dr. Thaxton noted that Mr. Hess' June 22, 2022, MRI did not show a disc herniation. Dr. Thaxton opined that there was no evidence of lumbar disc herniation and that the spinal stenosis and degenerative disc disease were preexisting degenerative conditions. Dr. Thaxton further opined that the requested CT nerve root block at L4 was treatment for a condition not related to the compensable injury.

The claim administrator issued an order dated November 9, 2022, which denied the addition of lumbar spinal stenosis, lumbar disc herniation, and degenerative disc disease as compensable components of the claim. Mr. Adams submitted a Diagnosis Update form on December 29, 2022, requesting the addition of herniated nucleus pulposus, stenosis of the lumbar spine, and degenerative disc disease as compensable components of the claim.

On February 17, 2023, the Board issued an order affirming the claim administrator's order which denied Mr. Hess' request to add lumbar disc herniation, lumbar spinal stenosis, and degenerative disc disease, and denied authorization for a CT nerve root block at L4.

The Board found that Mr. Hess failed to establish that these diagnoses and treatment were related to his compensable injury. Mr. Hess now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Hess argues that he established that he suffered a discrete new injury, and there is no reliable evidence that spinal stenosis could not have been caused by his injury. Mr. Hess further argues that the Board misapplied the Supreme Court of Appeals of West Virginia's holding regarding the compensability of preexisting conditions in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). Mr. Hess also argues that the Board placed undue weight on this Court's holding in *Bimbo Bakeries, USA v. Hawkins*, No. 22-ICA-119, 2023 WL 1463716 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision). We disagree.

In *Moore*, the Court held:

> A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

3

*Moore* at __, 879 S.E.2d at 781, syl. pt. 5.

In *Gill v. City of Charleston,* 236 W.Va. 737, 783 S.E.2d 857 (2016), the Supreme Court of Appeals held:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id*. at 738, 783 S.E.2d at 858. syl. pt. 3.

In *Bimbo*, this Court found that spinal stenosis is generally a degenerative, preexisting condition. "Thus, the Board is obligated to determine if [the claimant] has met [their] burden of proving that these conditions are new, [discrete] injuries, resulting from [their] workplace injury and if there is sufficient evidence to show a causal relationship between the injury and these conditions." *Bimbo* at ___.

Here, the Board found that the evidence does not support a diagnosis of disc herniation because the June 22, 2022, lumbar MRI did not show a disc herniation. The Board further found that the diagnosis of spinal stenosis is generally a noncompensable degenerative condition, and the May 7, 2022, CT revealed degenerative changes throughout the lumbar spine, indicating that the spinal stenosis was a preexisting degenerative condition in this case. The Board found that Mr. Hess had failed to demonstrate that his diagnoses constituted discrete new injuries, rather than noncompensable preexisting conditions, as required by *Gill* and *Moore*. The Board further found that Mr. Hess had not established that the requested treatment of a CT nerve root block at L4 was related to the compensable injury.

Upon review, we conclude that the Board was not clearly wrong in finding that the medical evidence does not establish that Mr. Hess suffered a disc herniation. Further, the Board did not err in finding that Mr. Hess had not established that the requested diagnoses of spinal stenosis and degenerative disc disease, or the requested treatment of a CT nerve root block at L4, are related to the compensable injury.

Finding no error in the Board's February 17, 2023, order, we affirm.

Affirmed.

**ISSUED:** June 15, 2023

4

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating